UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALAN MCCORMACK, et al.,

        Petitioner,

  v.                                        Case No. 15-C-891

EDWARD WALL, et al.,

        Respondent.

**ORDER**

On August 14, 2015, an order and judgment dismissing this purported § 2241 action were entered. On September 22, the court received a motion to alter the judgment and, six days later, a motion for joinder. The motions will be denied.

Motions to amend a judgment must be filed within 28 days of entry of the judgment. Fed. R. Civ. P. 59(e). Here, the motion to alter the judgment was not even signed until September 20, well past the 28 days allowed by rule. Thus, the only conceivable rule under which the motion could be considered would be Rule 60, but such relief is rare and limited to matters unrelated to "legal error," which is what the motion alleges. Fed. R. Civ. P. 60(b). *Swam v. United States*, 327 F.2d 431, 433 (7th Cir. 1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).") *See also Sutton v. United States,* 410 F. App'x 978, 979 (7th Cir. 2011) ("Using the prison mailbox rule, Sutton filed his motion 29 days after the district court entered its original judgment. The district court thus treated it as a 60(b) motion and denied it because it did

not raise grounds warranting relief under Rule 60(b).")

Accordingly, the motions are denied.

**SO ORDERED** this 23rd day of November, 2015.

                                        /s William C. Griesbach
                                        William C. Griesbach, Chief Judge
                                        United States District Court